UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PANATTONI CONSTRUCTION, INC., a California corporation,

Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,

Defendant.

CASE NO. C11-1195RSM

ORDER ON PENDING MOTIONS

This matter is before the Court for consideration of two motions filed by plaintiff Panattoni Construction, Inc. ("Panattoni"), a motion to compel production of documents (Dkt. # 12) and a motion for leave to call an expert and admit his expert report (Dkt. # 24). Plaintiff has requested oral argument on both motions, but the Court deems that unnecessary. Having considered the motions, defendant's opposition, plaintiff's replies, and the balance of the record, the Court now finds and rules as follows:

(1) <u>Motion to Compel</u>

Plaintiff moves for an order compelling defendant Travelers Property Casualty Company ("Travelers") to produce unredacted copies of documents in the claims file in this case. Plaintiff has asserted a claim of insurance bad faith against Travelers, and contends that the claims file is relevant to determination of that claim. The file that was produced consists of 180 pages, nearly all of which are blank (redacted), apart from the address and subject line portions of the emails. Declaration of Eileen McKillop, Dkt. # 14, Exhibit 4. Defendant asserts that all the redacted portions are protected by

ORDER - 1

attorney-client and/or work product privilege.  Defendant's Opposition, Dkt. # 16.

The Court has determined that *in camera* review of the documents is necessary to resolve this dispute.  Defendant shall accordingly submit an unredacted  copy of the requested documents in a sealed envelope for review.   The envelope shall be delivered to the Clerk's Office, marked "RSM Chambers," within one week of the date of this Order.

(2) Motion for Leave to Call Expert

Plaintiff has moved for leave to call James Schratz as an expert on claims handling procedures, and submit his report, after the deadline for submission of such reports. Dkt. # 24.   Plaintiff contends that it did not feel expert testimony on claims handling was necessary until it received the fully-redacted claims file, addressed above.  Defendant has opposed the motion, noting that the deadline for expert reports was July 26, 2012, and asserting that plaintiff took no discovery until after that date.  Thus, according to defendant, plaintiff alone is responsible for the problem and the deadline should not be extended.

The Court finds that plaintiff has shown that an extension of the deadline is substantially justified, and will facilitate a resolution of this case on the merits.  Defendant will not be prejudiced, as it  has been aware of this proposed expert since late August, and has had his report in hand since September 21, 2012.  Declaration of Eileen McKillop, Dkt. # 25, Exhibit 10.  Trial is not until January 22, 2013, so defendant has time to obtain a rebuttal report.  The Court will re-open discovery for the limited purpose of taking the deposition of  Mr. Schratz.

Accordingly, plaintiff's motion for an extension of the deadline for expert disclosure and reports is GRANTED.  The report of plaintiff's expert James Schratz shall be deemed admissible.

DATED: November 8, 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 2