UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PANATTONI CONSTRUCTION, INC., a California corporation,

Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,

Defendant.

CASE NO. C11-1195RSM

ORDER ON MOTION TO COMPEL

This matter is before the Court for consideration of plaintiff's motion to compel production of documents. Dkt. # 12. Plaintiff Panattoni Construction Company ("Panattoni") moves for an order compelling Defendant Travelers Property Casualty Company ("Travelers") to produce unredacted copies of communications withheld on the grounds of attorney-client privilege or the work product doctrine. Plaintiff has asserted a claim of insurance bad faith against Travelers, and contends that these communications are relevant to determination of that claim. The documents which were produced, a copy of which is attached to the motion, consists of 180 pages, nearly all of which are blank, apart from the address and subject line portions of the emails. Declaration of Eileen McKillop, Dkt. # 14, Ex. # 4.

Defendant has opposed the motion, asserting that all the redacted portions are protected by attorney-client and/or work product privilege. Defendant's Opposition, Dkt. # 16. On November 8, 2012, the Court determined that *in camera* review of the documents was necessary to resolve this dispute. Defendant was accordingly directed to submit a complete copy of the requested documents in

ORDER - 1

a sealed envelope for review. Dkt. # 48. The Court has now reviewed the documents, and has determined that the motion to compel shall be granted in part, and denied in part.

## DISCUSSION

### I. Legal Standard

The attorney-client privilege protects confidential communications between attorneys and clients from discovery or public disclosure. RCW 5.60.060(2)(a); *Hangartner v. City of Seattle*, 151 Wn.2d 439, 452 (2004). Because the privilege "impedes full and free discovery of the truth," it must be strictly construed. *United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989). The attorney-client privilege "[i]s not dependent whatsoever upon the anticipation of litigation, but instead depends upon the nature of the relationship involved." *Mission Nat'l Ins. Co. v. Lilly*, 112 F.R.D. 160, 163 (D. Minn. 1986). It protects only communications and advice between attorney and client in the context of a professional relationship involving the attorney *as an attorney*, and not documents prepared for some other purpose. *Schmidt v. California State Auto Ass'n*, 127 F.R.D. 182, 183 (D. Nev. 1989); *Krammerer v. W. Gear Corp.*, 96 Wn.2d 416, 421 (1981). The burden of establishing privilege rests upon the party asserting it. *VersusLaw, Inc. v. Stoel Rives, LLP*, 127 Wn.App. 309, 332 (2005).

"In the insurance context, the question of whether a communication falls within the attorney-client privilege can often be a difficult one because of the investigatory nature of the insurance business. The line between what constitutes claim handling and the rendition of legal advice is often more cloudy than crystalline." *HSS Enter., LLC v. AMCO Ins. Co.*, No. C06-1485-JPD, 2008 U.S. Dist. LEXIS 11841, *9 (W.D. Wash. Jan. 14, 2008). "Accordingly, to the extent that an attorney acts as a claims adjuster, claims process supervisor, or claims investigation monitor, and not as a legal advisor, the attorney-client privilege does not apply." *Id*. at *10. "The public policy reason behind this conclusion is that insurance companies should not be permitted to insulate the factual findings of a claims investigation by the involvement of an attorney to perform, or help perform, such work." *Id*. at *10-11.

The work product doctrine, codified at Fed.R.Civ.P. 26(b)(3) and Washington CR 26(b)(4), provides qualified immunity from discovery to certain documents prepared in anticipation of litigation. *Heidebrink v. Moriwaki*, 104 Wash. 2d 392, 396 (1985). Qualifying work product may be obtained in

ORDER - 2

discovery only upon a showing of necessity and the inability to acquire the materials from other sources. *Pappas v. Holloway*, 114 Wash. 2d 198, 210 (1990).  The protection applies to documents that  (1) show legal research and opinions, mental impressions, theories, or conclusions of the attorney or of other representatives of a party; (2) are an attorney's written notes or memoranda of factual statements or investigation; and (3) are formal or written statements of fact, or other tangible facts, gathered by an attorney in preparation for or in anticipation of litigation. *Linstrom v. Ladenburg*, 136 Wash. 2d 595, 611 (1998).

In the context of a claim of insurance bad faith, both the attorney-client privilege and the work product doctrine have exceptions.  In bad faith actions brought by an insured against an insurer under the terms of an insurance contract, communications between insurer and its attorney are not privileged with respect to the insured.  *Barry v. USAA*, 98 Wash. Appp. 199, 204 (1999).  "The time-worn claims of work product and attorney-client privilege cannot be invoked to the insurance company's benefit where the only issue in the case is whether the company breached it duty of good faith in processing the insured's claim." *Id*., quoting *Silva v. Fire Insurance Exchange*, 112 F.R.D. 699, 699-700 (D.Mont. 1986).  The mental impressions of the insurance company's attorney may be relevant to the disputed issues in a bad faith claim, and not protected by the work product rule.  *Soter v. Cowles Publishing company*, 131 Wash. App. 882, 895 (2006); citing *Escalante v. Sentry Insurance*, 49 Wash.app. 375, 393 (1987), *review denied*, 109 Wash. 2d 1025 (1988); overruled on other grounds, *Ellwein v. Hartford Accident and Indemnity Co*., 142 Wash. 2d 766 (2001).

**A.  <u>Attorney-Client Privilege</u>**

Here, the relevant inquiry is whether the redacted materials at issue reflect communications with Travelers' in-house attorney (Gus Lohuaru) while he was acting in the role of a claims adjuster, investigator, or supervisor, or whether those communications occurred while he was acting in the role of legal advisor.  After conducting an *in camera* review of the documents in question, the Court finds that the bulk of the redacted material consists of e-mail strings between Igor Andreyev, a claims handling professional, and Lisa Andolina-Arnott, a unit manager responsible for supervising the claims-handling personnel.  These are not protected.  Buried within some of these e-mail strings is the single protected

ORDER - 3

attorney-client communication, dated February 14, 2011, from Mr. Lohauru to Lisa Andolini-Arnott. *See, e.g.,* TEML 44, TEML 50, found at Declaration of Eileen McKilliop, Dkt. # 13, Exhibit 4.  This communication is not relevant to the claim of bad faith, and is privileged.  Thus, this attorney-client communication may be redacted from the documents produced, wherever it occurs.

A different communication dated August 9, 2011, from Joseph D. Parks to both Mr. Andreyev and Ms. Andolina-Arnott (a representative is found at TEML 39 and TEML 42) is not protected, despite the label as "Privileged----Attorney-Client Communication."  This e-mail simply advises the claims handling personnel that a lawsuit has been filed and asks for copies of documents to be sent to the attorney.  This is one of several documents identified by Defendant as "emails that were generated after Panattoni filed suit."  Declaration of James Derrig, Dkt. # 21, ¶ 19, referring to TEML 1-42.  Most of these are internal discussions regarding where various claims or lawsuits will be handled within the company, and although many are not directly relevant to this plaintiff, none of these are protected.  One email, titled "Information Preservation Notice," is from Travelers' counsel Joseph D. Parks, and simply reminds the claims handlers of their document preservation obligations.  *See, e.g.*, TEML 11.  None of these communications fall within the attorney-client privilege.

Another group of e-mails represents communications from the claims handling department, either Mr. Andreyev or Ms. Andolina-Arnott, to in-house counsel, requesting review of the claim because opposing counsel was demanding payment.  *See, e.g.*, TEML 142.  This is not the type of communication that is protected by the attorney-client privilege.

Finally, there are various e-mails to or from Mr. Andreyev or Ms. Andolina-Arnott, regarding a different lawsuit.  *See, e.g.,* TEML 102-106.  These were apparently produced because the last e-mail in the string contains a brief reference to this lawsuit, a reminder that someone "need[s] to get back to the Attny" on this matter.  TEML 102.  This group of communications, while of little or no relevance to this suit, is not protected.

B. **Work Product**

Apart from the single communication already deemed privileged as an attorney-client communication, none of the materials reviewed in camera  fall within the categories that constitute

ORDER - 4

protected work product (showing legal research and opinions, mental impressions, theories, or conclusions of the attorney, written notes or memoranda of factual statements or investigation, or written statements of fact, or other tangible facts, gathered by an attorney in preparation for or in anticipation of litigation). Accordingly the Court need not analyze them further.

## CONCLUSION

Having reviewed the contested materials in camera, the Court not GRANTS IN PART and DENIES IN PART Plaintiff's motion to compel. Dkt. # 12. The motion is GRANTED as to all documents in the production, TEML pages 0001 - TEML 00178, except that the attorney-client communication from Mr. Lohauru to Ms. Andolina-Arnott, dated February 14, 2011, shall be redacted wherever it appears. As to that one communication, the motion is DENIED. Defendants shall produce the properly redacted copies of these documents to Plaintiff within ten days of the date of this Order.

Pursuant to F.R.Civ.Proc. 37, when a motion to compel is granted, the Court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion, or the party's attorney, or both, to pay to the moving party the reasonable expenses incurred in bringing the motion, unless the Court finds that the opposition to the motion was substantially justified, or other circumstances make an award of expenses unjust. F.R.Civ.Proc. 37(a)(5)(A). Plaintiff shall file a declaration of fees and costs for the Court's consideration by December 28, 2012. Defendants may file objections and/or show cause why an award of expenses would be unjust by January 11, 2013.

Dated this 14th day of December 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 5